IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Steven Bossell Gillian, *a/k/a* Temo: The Magical One,<br><br>    Petitioner,<br><br>v.<br><br>Warden, Gilliam Psychiatric Hospital, Kirkland Correctional Institution,<br><br>    Respondent. | Case No.: 0:19-cv-03298-SAL<br><br><br><br>**OPINION AND ORDER** |

  This matter is before the Court for review of the January 14, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 14]. In the Report, the Magistrate Judge recommends the petition for a writ of habeas corpus ("Petition") be dismissed without prejudice and without requiring the Respondent to file a return. *Id.* Petitioner filed objections to the Report on January 27, 2020. [ECF No. 16]. For the reasons outlined herein, the Court adopts the Report in its entirety.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific

1

portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to— including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**DISCUSSION**

This Court reviews *de novo* the portions of the Report to which specific written objections have been raised. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005). Petitioner raises two objections to the Report:

1. The Magistrate Judge "did not research [Petitioner's] claims. . ." [ECF No. 16]; and

2. The Magistrate Judge changed the respondent in this matter from "Richland County Solicitors Office" to the current respondent: "Warden, Gilliam Psychiatric Hospital, Kirkland Correctional Institution." *Id.*

The Court will review each objection *de novo*.

**I.      The Magistrate Judge properly considered the record.**

In the Report, the Magistrate Judge declined to address Petitioner's substantive claims because this action is subject to summary dismissal for failure to exhaust state court remedies. *See* [ECF No. 14, p.2-3]. Because Petitioner's state action for post-conviction relief is still pending, the Magistrate Judge was under no obligation to consider all of Petitioner's claims. This action is subject to summary dismissal without prejudice for failure to exhaust state court remedies pursuant to 28 U.S.C. § 1915, § 1915A, and Rule 4 of the Rules Governing Section 2254 Cases. The objection is OVERRULED.

**II.     The Magistrate Judge properly changed the Respondent from Richland County Solicitors to the Warden of Gilliam Psychiatric Hospital.**

The proper respondent in a 28 U.S.C. § 2241 petition is the individual who has custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The custodian is typically "the person with the ability to produce the prisoner's body before the habeas court." *See McLean v. Vereen*, No. 2:18-cv-3600-RMG, 2019 WL 2514728, at *1 (D.S.C. June 18, 2019) (citing *Rumsfeld*, 542 at 434–35). Petitioner is currently being held in the Gilliam Psychiatric Hospital. Therefore, the warden of Gilliam Psychiatric Hospital is the proper respondent in this action. The

Magistrate Judge properly remedied the Petition by changing the respondent. Accordingly, the objection is OVERRULED.

**III. The Court finds no clear error in the portions of the Report to which no specific objections were made.**

Having reviewed Petitioner's specific objections *de novo*, the Court reviews the remainder of the Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). This Court finds no clear error in the Report, adopts the Report in its entirety, and incorporates the Report by reference.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and incorporates the Report by reference herein. Accordingly, the Petition is DISMISSED without prejudice and without requiring the Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

July 7, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."